UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WINFRED LAMAR THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV1619 JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's "Pro Se Motion for Coram Nobis Relief." Petitioner, a federal prisoner, seeks to modify the sentence imposed in United States v. Thomas, 4:03CR479 DJS (E.D. Mo.). Petitioner previously filed a motion to vacate, modify or correct sentence under 28 U.S.C. § 2255 challenging this same sentence; the motion was denied on the merits. See Thomas v. United States, 4:06CV1133 DJS (E.D. Mo.).

A petitioner is not permitted to circumvent the AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly"). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas

corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).  In this instance, the relief petitioner seeks is available only through a § 2255 motion.  See 28 U.S.C. § 2255(a).

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Absent certification from the United States Court of Appeals, this Court lacks authority to grant the requested relief.  As a result, the motion will be dismissed.  See 28 U.S.C. § 2255, Rule 4.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether this action is successive under § 2255(h).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Pro Se Motion for Coram Nobis Relief" is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 14th day of September, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE